COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In re ExxonMobil Oil Corporation

Appellate case number:    01-22-00088-CV

Trial court case number:    2021-83044

Trial court:                  113th District Court of Harris County

On February 8, 2022, relator, ExxonMobil Oil Corporation, filed a petition for a writ of mandamus. In its mandamus petition, relator argues that the trial court abused its discretion by failing to enter a temporary restraining order to preserve the status quo pending a hearing on its request for a temporary injunction.

Also on February 8, 2022, relator filed a "Motion for Leave to File (1) Petition for Writ of Mandamus (2) Relator's Motion for Emergency Relief and (3) Relator's Mandamus Record Under Seal." Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Where a trial court orders documents to be sealed in accordance with rule 76a however, this Court may grant a motion to seal those documents specified by the trial court, or filings which reference the sealed documents. *See R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.) (noting appellate court ordered clerk to seal parties' briefs that were replete with references to and copies of portions of record ordered sealed by trial court). Relator's motion includes an "Agreed Order Temporarily Sealing Court Records," signed by the trial court on December 29, 2021.

Accordingly, relator's motion for leave to file under seal is **granted**. Relator is permitted to file redacted versions of the above referenced documents publicly, and to further provide this Court unredacted copies of such documents to be filed under seal by the Clerk of this Court.

Additionally, in connection with its mandamus petition, relator filed a "Verified Motion for Emergency Relief," seeking "temporary relief in the form of a stay order." Relator's motion requests that this Court stay the closing of a transaction for the purchase of several properties between real parties in interest Landmark Industries, Landmark Industries Energy, Landmark Petroleum, and Landmark Industries Holdings (collectively, "Landmark"), on the one hand, and Shell Retail and Convenience Operations on the other. In the underlying proceeding, relator contends that it has a right of first refusal to sixty-four tracts of land, which are purportedly included in the transaction between Landmark and Shell. According to relator's motion, the stay is necessary to preserve the status quo "long enough for a temporary injunction hearing to take place."

Relator's motion to stay is **granted**. The closing of the transaction between Landmark and Shell, which is the subject of the underlying proceeding, trial court cause number 2021-83044, is **stayed**. *See In re Spiritas Ranch Enter., L.L.P.*, 218 S.W.3d 887, 893 (Tex. App.—Fort Worth 2007, orig. proceeding). This stay is effective until disposition of relator's petition for writ of mandamus or further order of this Court.

We further request a response to the petition from the real parties in interest. **The response(s), if any, is due to be filed with this Court no later than twenty days of the date of this order.**

It is so ORDERED.


Judge's signature: ___/s/ April Farris_____
                        ☑ Acting individually    ☐ Acting for the Court

Date: ___February 9, 2022____